IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRENCE ANDRE HIGH, | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI, | : | |
| Acting Commissioner of the Social | : | |
| Security Administration, | : | |
| Defendant | : | NO. 20-3528 |

## MEMORANDUM

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                           February 9, 2022

Terrence Andre High ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the former Commissioner of the Social Security Administration ("the Commissioner"), denying his claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. Plaintiff has filed a brief in support of his request for review, the Acting Commissioner has responded to it, and Plaintiff has replied. For the reasons set forth below, Plaintiff's request for review is denied.

### I.     PROCEDURAL HISTORY[1]

On April 11, 2018, Plaintiff applied for SSI, alleging disability, because of physical and mental health impairments, that commenced on January 13, 2016. R. 15. The claim was denied, initially; therefore, Plaintiff requested a hearing. *Id.* On June 20, 2019 Plaintiff, represented by an attorney, and Timothy Whitford, a vocational expert, ("the VE") appeared before Howard Wishnoff, Administrative Law Judge ("the ALJ"), for an administrative hearing. *Id.* On August 9, 2019, the ALJ, using the sequential evaluation process for disability, issued an unfavorable

---

[1] The court has reviewed and considered the following documents in analyzing this case: Plaintiff's Statement of Issues and Brief in Support of Request for Review ("Pl. Br."), Defendant's Response to Request for Review of Plaintiff ("Resp."), Plaintiff's Reply Brief ("Reply"), and the administrative record. ("R.").

1

decision.[2] R. 15-25. The Social Security Administration's Appeals Council denied Plaintiff's request for review, on June 8, 2020, making the ALJ's findings the final determination of the Commissioner. R. 1-3. Plaintiff seeks judicial review and the parties have consented to this court's jurisdiction, pursuant to 28 U.S.C. § 636(c)(1).

## II.     FACTUAL BACKGROUND

A.     <u>Personal History</u>

Plaintiff, born on January 13, 1966, R. 23, was 53 years old on the date of the ALJ's decision. He did not complete high school, R. 39, and he has no past relevant work.[3] R. 23. Plaintiff resides with his girlfriend. R. 48.

B.     <u>Plaintiff's Testimony</u>

Plaintiff testified that he can only walk approximately three to four blocks before developing pain in his back and knees. R. 42. He estimated that he could only stand for about 10 minutes at a time. *Id.* Plaintiff can sit for approximately 30 minutes, before experiencing back

---

[2] The Social Security Regulations provide the following five-step sequential evaluation for determining whether an adult claimant is disabled:

> 1. If the claimant is working, doing substantial gainful activity, a finding of not disabled is directed. Otherwise proceed to Step 2. *See* 20 C.F.R. § 416.920(b).
>
> 2. If the claimant is found not to have a severe impairment which significantly limits his physical or mental ability to do basic work activity, a finding of not disabled is directed. Otherwise proceed to Step 3. *See* 20 C.F.R. § 416.920(c).
>
> 3. If the claimant's impairment meets or equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed. Otherwise proceed to Step 4. *See* 20 C.F.R. § 416.920(d).
>
> 4. If the claimant retains the residual functional capacity to perform past relevant work, a finding of not disabled is directed. Otherwise proceed to Step 5. *See* 20 C.F.R. § 416.920(f).
>
> 5. The Commissioner will determine whether, given the claimant's residual functional capacity, age, education and past work experience in conjunction with criteria listed in Appendix 2, he is or is not disabled. *See* 20 C.F.R. § 416.920(g).

[3] Plaintiff testified that he had not worked since 2004. R. 39.

pain and needing to change position. R. 43. He takes over the counter pain medicine for his back and prescribed pain medication for his knees. *Id.* Despite taking prescribed pain medication, Plaintiff's knee pain has worsened. *Id.* He has difficulty climbing stairs, but does so to ascend to the second floor at home. R. 46. Plaintiff uses a cane to walk; this helps alleviate his back and knee pain. R. 47. He suffers from left foot pain, which is exacerbated by walking. R. 49. Finally, Plaintiff alleges poor memory; he writes down his appointments and a friend often calls to remind him of them. R. 49-50.

Plaintiff is able to sleep only four to five hours at night before awakening because of back pain. R. 46-47. He is able to dress himself and attend to personal hygiene. Plaintiff is able to perform light cleaning, R. 49; however, his girlfriend grocery shops for him. R. 48.

C.  Vocational Testimony

The ALJ asked the VE to consider a person of Plaintiff's age and education, who is limited to light[4] work, with additional limitations: work can be performed sitting or standing; requires a cane for ambulation; can occasionally climb ramps and stairs; can occasionally balance, stoop or crouch, but can never kneel or crawl; can never work at unprotected heights or with moving mechanical parts; can perform only simple, routine tasks; can make only simple work-related decisions; and can tolerate only occasional interactions with supervisors, coworkers and members of the public. R. 51. The VE opined that this person could perform the following jobs: (1) ticketer (600,000 positions in the national economy); (2) checker (30,000 positions in the national economy); and (3) table worker (150,000 positions in the national economy). R. 52. The VE explained that his testimony concerning the sit-stand option, use of a cane and occasional interaction with supervisors, coworkers or the public was based upon his experience, not the

---

[4]"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 416.967(b).

Dictionary of Occupational Titles ("DOT"), which does not account for these limitations R. 52-53. The VE clarified that, although the three jobs he had identified were characterized as light in the DOT, due to all of the additional hypothetical limitations, he identified a subset of those jobs that could be performed at essentially the sedentary[5] level, but with greater lifting requirements. R. 54.

### III.  THE ALJ's FINDINGS

In his decision, the ALJ issued the following findings:

1. [Plaintiff] has not engaged in substantial gainful activity since April 11, 2018, the application date (20 CFR 416.971 *et seq.*).

2. [Plaintiff] has the following severe impairments: spine disorder, dysfunction of major joints, substance abuse disorder, depressive/bipolar disorder, anxiety disorder, and obesity (20 CFR 416.920(c)).

3. [Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925, and 416.926).

4. After careful consideration of the entire record, the undersigned finds that [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except [Plaintiff] requires a job that can be performed in either a sitting or standing position, so that [Plaintiff] can change positions as needed, but without losing productivity.  [Plaintiff] requires a cane for ambulation purposes only. [Plaintiff] can occasionally climb ramps and stairs.  [Plaintiff] can occasionally balance, stoop, and crouch, and can never kneel or crawl.  [Plaintiff] can never work at unprotected heights or around moving mechanical parts. [Plaintiff] is able to perform simple, routine tasks, and make simple work-related decisions.  [Plaintiff] is occasionally able to interact with supervisors, coworkers, and the public.

---

[5]"Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking or standing is often necessary in carrying out job duties."  20 C.F.R. § 416.967(a).

5.  [Plaintiff] has no past relevant work (20 CFR 416.965).

6.  [Plaintiff] was born on January 13, 1966 and was 52 years old, which is defined as an individual closely approaching advanced age, on the date the application was filed (20 CFR 416.963).

7.  [Plaintiff] has a limited education and is able to communicate in English (20 CFR 416.964).

8.  Transferability of job skills is not an issue because [Plaintiff] does not have past relevant work (20 CFR 416.968).

9.  Considering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform (20 CFR 416.969, 416.969(a)).

10. [Plaintiff] has not been under a disability, as defined in the Social Security Act, since April 11, 2018, the date the application was filed (20 CFR 416.920(g)).

R. 17-18, 20, 23, 25.

### IV.   DISCUSSION

A.   Standard of Review

Judicial review of the Commissioner's final decision is as follows. The Commissioner's findings of fact will not be disturbed, if they are supported by substantial evidence. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). Substantial evidence is not "a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation omitted). While it is more than a mere scintilla of evidence, *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019), it may amount to less than an evidentiary preponderance. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988). Overall,

this test is deferential to the ALJ and the court should affirm the ALJ's findings of fact that are supported by substantial evidence, even when the court, acting *de novo,* might have reached a different conclusion. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987). Indeed, the court is not permitted to weigh the record evidence itself. *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). By contrast, the Commissioner's legal conclusions are subject to *de novo* review. *Poulos*, 474 F.3d at 91.

B.      Burden of Proof in Disability Proceedings

To be found "disabled" under the Act, Plaintiff must carry the initial burden of demonstrating that he is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.905(a). Plaintiff may establish a disability through: (1) medical evidence meeting one or more of the serious impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1; or (2) proof that the impairment is severe enough that Plaintiff cannot engage in any type of "substantial gainful work which exists in the national economy." *Heckler v. Campbell*, 461 U.S. 458, 460 (1983); 42 U.S.C. § 423(d)(2)(A).

Under the first method, Plaintiff is considered *per se* disabled by meeting one of the "listed" impairments. *Heckler*, 461 U.S. at 460. Under the second method, Plaintiff must initially demonstrate that a medically determinable impairment prevents him from returning to his past employment. *See Brown*, 845 F.2d at 1214. If Plaintiff proves that his impairment results in functional limitations to performing his past relevant work, then the burden of proof shifts to the Commissioner to prove that work does in fact exist in the national economy which Plaintiff can perform given his age, education, work experience and residual functional capacity. *See Hess v.*

6

*Comm'r Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019); *Poulos,* 474 F.3d at 92.

C.  Review of the Administrative Law Judge's Decision

Applying the sequential evaluation process, the ALJ determined that, even though Plaintiff had no past relevant work, he could perform light jobs that exist in the national economy and, hence, was not disabled. R.15-23. Plaintiff disputes the ALJ's decision and argues that the ALJ committed reversible error in assigning a residual functional capacity ("RFC") for light work. Pl. Br. at 3-18. Plaintiff also argues that the appointment of the prior Commissioner, Andrew Saul, violated the separation of powers and requires remand. Pl. Br. at 18-21. The Acting Commissioner denies Plaintiff's assertions. Resp. at 4-20. This court finds that the Commissioner's final decision need not be reversed.

1.  The ALJ Properly Evaluated Plaintiff's RFC

Plaintiff argues that the ALJ committed reversible error, in that, instead of finding that Plaintiff could perform a limited range of light work, the ALJ should have found that he could perform only sedentary work or that his RFC was somewhere between sedentary and light work. Pl. Br. at 3-18. This argument is unpersuasive.

First, the ALJ expressly restricted Plaintiff to performing a limited, not full, range of light work. R. 20. Plaintiff insists that, because the RFC so limited the range of work Plaintiff could perform, the ALJ should have found he could only perform sedentary work. Pl. Br. at 3-10. However, the VE explained that the posited RFC essentially called for sedentary jobs that required more lifting ability than was normal for sedentary work. R. 54. The VE identified jobs that could be performed, given that RFC. R. 52. Since the VE explained how he understood the RFC and that it allowed for the performance of three different types of jobs, the ALJ did not err by stating Plaintiff could perform light work, albeit with several limitations.

Next, Plaintiff criticizes the ALJ's decision, because he believes that the ALJ should have determined that his RFC was between sedentary and light, rather than light. Pl. Br. at 12. Plaintiff further believes this would have resulted in the ALJ finding him disabled. *Id.* at 12-18. In making this argument, Plaintiff relies upon Social Security Ruling ("SSR") 83-12. *Id.* at 12-13 Plaintiff's argument lacks merit.

The ALJ decided Plaintiff had the RFC to:

> perform light work as defined in 20 CFR 416.967(b) except [Plaintiff] requires a job that can be performed in either a sitting or standing position, so that [Plaintiff] can change positions as needed, but without losing productivity. [Plaintiff] requires a cane for ambulation purposes only. [Plaintiff] can occasionally climb ramps and stairs. [Plaintiff] can occasionally balance, stoop, and crouch, and can never kneel or crawl. [Plaintiff] can never work at unprotected heights or around moving mechanical parts. [Plaintiff] is able to perform simple, routine tasks, and make simple work-related decisions. [Plaintiff] is occasionally able to interact with supervisors, coworkers, and the public.

R. 20. This RFC reveals that Plaintiff has both exertional and nonexterional[6] limitations. Hence, SSR 83-12 – which Plaintiff relies upon – does not apply. *See* SSR 83-12, 1983 WL 31253, at *1 (explaining that the ruling applies when the claimant only has exertional impairments). Further, because Plaintiff had exertional and nonexertional impairments, the ALJ could not rely solely upon the medical-vocational guidelines to decide if Plaintiff was disabled. *Poulos*, 474 F.3d at 94 (citation omitted). Instead, he was required to obtain testimony from the VE. *Id.* The ALJ did so. Hence, the ALJ acted properly. *Id.*

    2.    <u>Plaintiff Cannot Obtain Relief Based Upon the Constitutional Defect in the Statute which Governs Removal of the Commissioner</u>

Plaintiff argues that former Commissioner Saul's appointment by former President Trump

---

[6] Nonexertional limitations are any that affect a claimant's ability to meet job demands, other than the strength requirements of jobs. *Poulos*, 474 F.3d at 93 n.3 (citing 20 C.F.R. § 404.1569a).

8

violated the federal constitution, because the statute creating the position made the Commissioner's term of office longer than the Presidential term and it required the President to have cause in order to dismiss the Commissioner. Pl. Br. at 18-19. The Acting Commissioner agrees that the statute is unconstitutional. Resp. at 8. However, the parties disagree about whether Plaintiff can obtain any relief based upon this admitted constitutional violation. This court finds that he cannot.

The Supreme Court has held that the federal constitution vests all executive power in the President. *Seila Law v. Consumer Fin. Protection Bureau*, 140 S. Ct. 2183, 2191 (2020). Since it is impossible for one person to exercise all of that power alone, the Framers expected that the President would rely upon subordinate officers. *Id.* In order for the President to be accountable for actions of the subordinate officers, it is necessary for the President to be able to dismiss any such officers at will. *Id.* (citation omitted). The Court has only recognized two exceptions to this rule: (1) agencies that are led by groups of officers; and (2) inferior officers (not agency heads) having narrowly defined duties. *Id.* at 2192 (citations omitted).

The Commissioner of Social Security, the sole head of the agency, has a six-year term of office and is removable only for neglect of duty or malfeasance in office. 42 U.S.C. § 902(a)(3). As such, § 902(a)(3) violates the federal constitution because it restricts the President's ability to remove the Commissioner. *Seila Law*, 140 S. Ct. at 2191-92. As stated previously, the Acting Commissioner concedes this point. Resp. at 8. Nevertheless, Plaintiff cannot obtain any relief based upon this constitutional violation.

While § 902(a)(3) unconstitutionally restricted the President's authority to remove Commissioner Saul, the statute creates no defect in the manner Commissioner Saul was appointed. Hence, any actions Commissioner Saul took should not be regarded as void. *Collins v. Yellen*, 141

S. Ct. 1761, 1787 (2021).  Instead, it is customary that a defect in a removal provision does not prevent the agency head from exercising the duties of the office.  *Id.* at 1788 n. 24 (citing *Seila Law*, 140 S. Ct. at 2207-2211.  In *Collins*, the Supreme Court gave examples of what might cause an exception to this general rule:  (1) evidence that a court had prevented the President from removing an agency head, because the President did not have cause to remove the agency head; or (2) the President expressing public displeasure with the agency head and desiring removal of the agency head but for the statute.  *Id.* at 1789.  Neither example applies herein.  Former President Trump never expressed any dissatisfaction with former Commissioner Saul, whom he appointed.  Further, by the time President Biden took the oath of office on January 20, 2021 and, thereafter, expressed his dislike for certain actions taken by former Commissioner Saul, Plaintiff's case was already in this district court, since he had filed his complaint on July 18, 2020.  Thus, the agency action Plaintiff complains about – the  ALJ's decision – took place before any President expressed concern about former Commissioner Saul.  Hence, *Collins* teaches that Plaintiff cannot obtain relief.  141 S. Ct. at 1789.

    An implementing order and order of judgment follow.